IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

WALTER CASTANEDA )
3135 Eastern Ave. )
Baltimore, MD 21224 )
)
- and - )
)
)*
PEDRO OVED PORTILLO )
3317 Clarks Lane, Apt. C )
Baltimore, MD 21215 )  Case No.: _____
)
- and - )
)  **FLSA Collective Action**
JOSE ALFREDO AMAYA VALLE )
3135 Eastern Ave. )   **- and -**
Baltimore, MD 21224 )
)  **Rule 23 Class Action**
-and- )
)  **JURY TRIAL DEMAND**
MEISOL OMAR AGUIRRE )
3135 Eastern Ave. )
Baltimore, MD 21224 )
For themselves and on behalf )
of all similarly situated individuals, )
)
Plaintiffs, )
)
- Versus - )
)
MAC CONSTRUCTION SERVICES INC. )
3603 Longridge Court )
Abingdon, MD 21009 )
)*
***Serve Upon:*** )
Resident Agent )
John A. Austin )
29 West Susquehanna Ave. )
Towson, MD 21204 )
)
-and- )
)
)

1

KEVIN B. MCKEAN                    )
201 Woodrow Lane                  )
Port Deposit, MD 21904            )
                                  )
       -and-                      )
                                  )
EDMOND R. MCKEAN                  )
201 Woodrow Lane                  )
Port Deposit, MD 21904            )
                                  )
       Defendants.                )
                                  )

---

## PLAINTIFFS' VERIFIED COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiffs, by and through undersigned counsel, sue Defendants and state as follows:

### JURISDICTION AND VENUE

1.      Jurisdiction is vested in the Court pursuant to 28 U.S.C. §1331 and the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*

2.      The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367, which allows jurisdiction over pendant parties and pendant claims.

3.      Plaintiffs' forum selection is proper pursuant to 28 U.S.C. §1391(b) since much of the controversy giving rise to Plaintiffs' claims occurred in this District; moreover, Defendants' carry-on business in this District and many of the relevant witnesses and documents are located, or, are easily accessible to this District. The Court is the most appropriate venue for this controversy as a matter of law and as a matter of forum selection.

### THE PARTIES

4.      Walter Castaneda ("Plaintiff Castaneda" or "Mr. Castaneda") resides in Baltimore, Maryland. At all relevant times to this action, Mr. Castaneda worked for the Defendants, performing

2

building and construction services on behalf of the Defendants at various locations throughout several states including Maryland, New Jersey, and New York.

5.      Pedro Oved Portillo ("Plaintiff Portillo" or "Mr. Portillo") resides in Baltimore, Maryland. At all times relevant to this action, Mr. Portillo worked for the Defendants, performing building and construction services on behalf of the Defendants at various locations throughout several states including Maryland, New Jersey, and New York.

6.      Jose Alfredo Amaya Valle ("Plaintiff Valle" or "Mr. Valle" ) resides in Baltimore, Maryland. At all times relevant to this action, Mr. Valle worked for the Defendants, performing building and construction services on behalf of the Defendants at various locations throughout several states including Maryland, New Jersey, and New York.

7.      Meisol Omar Aguirre ("Plaintiff Aguirre" or "Mr. Aguirre") resides in Baltimore, Maryland. At all times relevant to this action, Mr. Aguirre worked for the Defendants, performing building and construction services on behalf of the Defendants at various locations throughout several states including Maryland, New Jersey, and New York.

8.      Defendant Mac Construction Services Inc. ("Corporate Defendant") is a Maryland corporation whose principal offices are located in Abingdon, Maryland.

9.      Kevin B. McKean ("Mr. Kevin McKean" or "Defendant Kevin McKean") resides in Maryland. Upon information and belief, Mr. Kevin McKean is a corporate officer or manager of Mac Construction Services Inc. with executive authority.

10.     Edmond R. McKean ("Mr. Edmond McKean" or "Defendant Edmond McKean") resides in Maryland. Upon information and belief, Mr. Edmond McKean is a corporate officer or manager of Mac Construction Services Inc. with executive authority.

## FACTUAL BACKGROUND

11.     At all times relevant to this controversy, Defendants have provided construction services to various customers.

12.     In support of its contracts with various customers, Defendant's sends construction crews to their various customers located in various states including Maryland, New Jersey and New York.

13.     The named Plaintiffs and the putative Plaintiffs constitute Defendant's construction crews.

14.     Plaintiffs customarily drive to Defendant's various customers in Maryland, New Jersey, and New York and begin their work upon arrival, wherein they provide construction and building services on behalf of the Defendants.

15.     Each of the named Plaintiffs performs construction and building services.

16.     Plaintiff Castaneda was hired by Defendants as a construction worker on about September 2007.

17.     Plaintiff Portillo was hired by Defendants as a construction worker on about September 2007.

18.     Plaintiff Valle was hired by Defendants as a construction worker on about  September 2007.

19.     Plaintiff Aguirre was hired by Defendants as a construction worker on about  September 2007.

20.     During their employment Plaintiffs worked in excess of 40 hours per work week on behalf of and for Defendants.

21.     During their employment Plaintiffs were not properly compensated for straight-and-overtime hours worked.

22.     Plaintiffs are not independent contractors.

23.     Plaintiffs' hours are maintained by Defendants.

24.     Plaintiffs frequently work through their breaks and travel to job locations without compensation for their time.

25.     Plaintiff Castaneda *was not paid at all* for his work done on behalf of and for Defendants from October 18, 2007 to November 2, 2007.

26.     Plaintiff Portillo *was not paid at all* for his work done on behalf of and for Defendants from October 1, 2007 to October 23, 2007.

27.     Plaintiff Valle *was not paid at all* for his work done on behalf of and for Defendants from October 18, 2007 to November 2, 2007.

28.     Plaintiff Aguirre *was not paid at all* for his work done on behalf of and for Defendants from October 18, 2007 to October 30, 2007.

29.     Plaintiffs remained in the employ of Defendants until November 2007.

30.     Plaintiffs left Defendant's employ because they did not receive their proper wages under the law.

**THE COLLECTIVE AND CLASS ELEMENTS OF PLAINTIFFS' CLAIMS**

31.     Each of the named Plaintiffs and putative Plaintiffs is a victim of Defendants' common scheme, practice, and policy that works to deprive them of federal and state statutorily mandated overtime wages.

32.    Plaintiffs' performance of construction and building services is similar and typical of the job duties of the putative Plaintiffs.

33.    Neither Plaintiffs nor the putative Plaintiffs are independent contractors.

34.    Plaintiffs' and the putative Plaintiffs' hours are maintained by Defendants.

35.    Plaintiffs and putative Plaintiffs frequently work through their breaks and travel between job locations without compensation for their time.

36.    It is a common question for all Plaintiffs whether the actions of Defendants were illegal under the Fair Labor Standards Act and, or, the Maryland Wage and Hour Law and, or, the Maryland Wage Payment Collection Law.

37.    It is a common question for all Plaintiffs whether Defendants made good faith efforts to comply with the Fair Labor Standards Act and, or, the Maryland Wage and Hour Law and, or, the Maryland Wage Payment Collection Law.

38.    It is a common question for all Plaintiffs whether Defendants willfully or recklessly disregarded the Fair Labor Standards Act and, or, the Maryland Wage and Hour Law and, or, the Maryland Wage Payment Collection Law.

**COUNT I**
**COLLECTIVE ACTION CLAIM FOR**
**FAILURE TO PAY OVERTIME**

39.    Plaintiffs hereby re-allege and incorporate each of the preceding paragraphs as if fully set-forth herein.

40.    The Plaintiffs were at all times employees within the meaning of the FLSA.

41.    Plaintiffs having worked more than forty-hours a week are entitled to FLSA mandated overtime compensation.

42.     Plaintiffs are entitled to FLSA mandated compensation for time spent getting ready to work, time spent on call, or time otherwise committed to Defendants.

43.     Defendants have not paid Plaintiffs their full wages as mandated by the FLSA.

44.     Defendants' violation of the FLSA is willful.

45.     Plaintiffs have suffered pecuniary losses and are entitled to full recovery pursuant to the FLSA.

## COUNT II[1]
## CLASS ACTION CLAIM FOR FAILURE TO PAY
## OVERTIME UNDER MARYLAND WAGE AND HOUR LAW

46.     Plaintiffs hereby re-allege and incorporate each of the preceding paragraphs as if fully set-forth herein.

47.     Plaintiffs having worked more than forty-hours a week are entitled to MWHL mandated overtime compensation.

48.     Plaintiffs are entitled to compensation for time spent otherwise committed to and on behalf of Defendant.

49.     Defendants have not paid Plaintiffs their full wages as mandated by the MWHL.

50.     Defendants' violation of the MWHL is willful.

51.     Plaintiffs have suffered pecuniary losses and are entitled to full recovery pursuant to the MWHL.

---

[1] Plaintiffs' reserve the right to plead appropriate state wage and hour law (New Jersey Wage and Hour Law N.J.S.A. § 34:11- 56a4 and New York Labor Law § 663) if necessary.

## COUNT III[2]
## CLASS ACTION CLAIM FOR FAILURE TO PAY OVERTIME
## UNDER MARYLAND WAGE PAYMENT AND COLLECTION LAW

52.     Plaintiffs hereby re-allege and incorporate each of the preceding paragraphs as if fully set-forth herein.

53.     Plaintiffs are entitled to compensation for time spent otherwise committed to and on behalf of Defendant.

54.     Defendants have not paid Plaintiffs their full wages as mandated by the MWPCL.

55.     Defendant's violation of the MWPCL is willful.

56.     Plaintiffs have suffered pecuniary losses and are entitled to full recovery pursuant to the MWPCL.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that this Court render judgment in their favor on all counts, and grant the following relief as to each named Plaintiff and as on a class-wide basis to each putative Plaintiff:

1.  Issue a notice of opt-in rights to the unnamed plaintiffs and managing the opt-in proceedings as a collective action pursuant to 29 U.S.C. §216(b);

2.  Order that this action proceed as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

3.  Issue a declaratory judgment that Plaintiffs are entitled to additional compensation pursuant to the FLSA;

---

[2] Plaintiffs' reserve the right to plead appropriate state wage and hour law (New Jersey Wage and Hour Law N.J.S.A. § 34:11- 56a4 and New York Labor Law § 663) if necessary.

8

4.  Issue a declaratory judgment that Plaintiffs were harmed by Defendants violation of the FLSA;

5.  Award Plaintiffs and the putative Plaintiffs compensation in an amount consistent with their entitlement under the FLSA;

6.  Award Plaintiffs and the putative Plaintiffs additional compensation in the form of FLSA mandated liquidated damages;

7.  Award Plaintiffs and the putative Plaintiffs' the cost of these proceedings and reasonable attorneys' fees as mandated by the FLSA;

8.  Issue a declaratory judgment that Plaintiffs are entitled to additional compensation pursuant to the MWHL;

9.  Issue a declaratory judgment that Plaintiffs were harmed by Defendants' violation of the MWHL;

10. Award Plaintiffs and the putative Plaintiffs compensation in an amount consistent with their entitlement under the MWHL;

11. Award Plaintiffs and the putative Plaintiffs additional compensation in the form of MWHL mandated liquidated damages;

12. Award Plaintiffs and the putative Plaintiffs' the cost of these proceedings and reasonable attorneys' fees as mandated by the MWHL;

13. Issue a declaratory judgment that Plaintiffs are entitled to additional compensation pursuant to the MWPCL;

14. Issue a declaratory judgment that Plaintiffs were harmed by Defendants violation of the MWPCL;

15. Award Plaintiffs and the putative Plaintiffs compensation in an amount consistent with their entitlement under the MWPCL;

16. Award Plaintiffs and the putative Plaintiffs additional compensation in the form of MWPCL mandated liquidated damages;

17. Award Plaintiffs and the putative Plaintiffs the cost of these proceedings and reasonable attorneys' fees as mandated by the MWPCL;

18. Award Plaintiffs and the putative Plaintiffs additional compensation in the form of MWPCL mandated treble damages;

19. Award Plaintiffs and the putative Plaintiffs any amounts necessary to compensate them for breach of contract;

20. Award Plaintiffs and the putative Plaintiffs any amounts necessary to compensate them for Defendants' unjust enrichment;

21. Award Plaintiffs and the putative Plaintiffs pre-and post-judgment interest and court costs as further allowed by law and equity; and

22. Grant any further relief as this Court may deem just and proper in the interest of justice.

## VERIFICATON OF COMPLAINT

I solemnly affirm under the penalties of perjury that the contents of the foregoing Complaint are true to the best of my knowledge, information, and belief.

_____
WALTER CASTANEDA

_____
MEISOL OMAR AGUIRRE

_____
PEDRO OVED PORTILLO

_____
JOSE ALFREDO AMAYA VALLE

## JURY TRIAL DEMANDED

Plaintiffs request a trial by jury on all matters so triable.

Respectfully submitted,

_____
Michael J. Snider, Esq.
mike@sniderlaw.com email
Ari Taragin, Esq.
ari@sniderlaw.com email
Jeff Taylor, Esq. #15528
jeff@sniderlaw.com email
Allan E. Feldman, Esq.
allan@sniderlaw.com
Snider & Associates, LLC
104 Church Lane, Suite 201
Baltimore, Maryland 21209
410-653-9060 phone
410-653-9061 fax

Attorneys for Plaintiffs